Just one second while we clear the space here. Ms. Daniels, the floor is yours. Good morning, Your Honors. Katherine Daniels for Plaintiff Appellees, Gym Door Repairs, Inc. and Safe Pass Systems, LLC. This case turns on whether the district court abused its discretion in reducing defendant appellant's request for attorney's fees. It's our position that the district court did not err and correctly reduced the appellant's application. The rationale for these reductions is clearly explained in the orders below, and the reasoning is sound. The district court could have gone farther and denied fees altogether for the appellant's failure to submit contemporaneous time records, as required by this court in New York State Association for Retarded Children v. Carey. If this court has any concerns about the district court's calculations, it could simply deny fees under Carey and would be justified in doing so. Well, if we have any concerns, the other way, that it was too much. That it was too much, correct. You would reduce the, exactly. That's not the argument of the other side of the appeal. He's not here today, but they are. They're wanting you to increase. Exactly. I'm here today to answer any questions the court may have about the factual and procedural background of the case, because the record is confusing. The district court awarded a fee of $56,285 to a guardian. That was about 60% of the fee for total Jim. But the description seems to suggest that the district court thought that total Jim and guardian did the same amount of work in the same office. So wouldn't we expect the fees to match up? I don't think so, Your Honor. As the magistrate judge carefully outlines in her recommendation to the district judge, a lot of guardians' motions were Me Too motions. And they did not have any contemporaneous time records to substantiate any of the work that they did. So I think if you read through that report and recommendation, it's dated March 31, 2023. You will see the painstaking effort that she went through to distinguish or to show the lack of attention to detail on behalf of the guardian parties. So I guess the one thing that I noticed was $250 per hour, which sounds like a lot of money if you're a barber. But for lawyers, I mean, it's amazing how high the rates have gone. And I guess I was curious about that. I mean, that is the amount per hour that the court found for both sets of lawyers. And I'm just curious, is that outdated? I mean, there's a case from 2003 that concluded $250 an hour was appropriate, but that's 20 years ago. I think there are a number of cases. They are older cases. But in this situation, I think the judge was correct in awarding or at least calculating the fees to be similar. Similarly situated parties doing similar work. In fact, I would argue that Total Gems lawyers did more work than guardians' lawyers based on my observations of what was going on. But the hourly rate doesn't turn on who did more work. It just turns on what is a reasonable rate for a lawyer of this level of experience and ability and expertise in a particular field. The magistrate was looking at the blended rate of the fur game firm. Right. That's the blended rate. I get that, but still. I guess you would say there were other attorneys working for other parties at $250 an hour, and it would have been guardians' burden to show that their attorneys had more experience or expertise. And they only provided information about the experience of fur gang himself. But we don't know who the other attorneys were. That's correct, Your Honor. In the absence of that information, it wouldn't be erroneous for the district court to use the $250 rate. That's absolutely correct, and it was their burden to come forward with that information. They did not. I mean, unless you think that even as a default rate, it's inappropriate. But as you point out, there were total gem attorneys working at that rate, right, in the very same case. In the very same case, doing the very same things. So factually, I just want to back up a little bit and let you know that my clients are whistleblowers. In 2011, they filed an Article 78 petition seeking to require New York State to enforce a law requiring the installation of safety devices on motorized partitions. The students that were here would have recognized them, the large partitions in their gyms and cafeterias. The law was enacted in 2001 because children had been crushed and killed by those partitions. The Article 78 petition was dismissed for lack of standing. Since my clients manufacture and install the safety devices, they weren't in a position to be injured by them. In 2012, my clients filed a First Amendment retaliation case against the New York City Department of Education under 28 U.S.C. 1983, which was dismissed by the district court and reversed by this court. That case was settled in 2021. This case was filed in 2015 before my hair turned gray, and my clients sought to recover damages for the financial losses that they suffered in that case. And so there were intellectual property claims, tortious interference claims. No, I think we know that the history of this case, I think it is laid out. It's a long case with various twists and turns, but the only issue on appeal, of course, is the attorney's case. And procedurally, I wanted to make sure that you understood that the appellants commenced this appeal by naming the wrong party. My clients were not even named. I found out about the case just before it was scheduled for mediation in this court. Had I not found out, the consequences could have been that an adverse ruling was issued that my clients could do nothing about until it was too late. So I just wanted to make sure that that piece of the history of this was understood, and I hope the court will either affirm the district court's judgment or, if it feels appropriate, eliminate fees altogether under Cary. All right. Thank you very much, Ms. Daniels. Thank you very much for your time, Your Honor. We will resume decision.